UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DERRICK EUGENE CULLINS,

    Petitioner,

v.                                                     Case No. 4:19cv64-MW/MJF

STATE OF FLORIDA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This habeas case is before the court on referral from the clerk of the court. On January 24, 2019, Petitioner Derrick Eugene Cullins, DC# T76984, filed a handwritten document seeking relief under 28 U.S.C. § 2241. The pleading contained Cullins's fingerprints, information about Cullins and his mother, and a statement that he was "kidnapped and detained illegally" at Wakulla Correctional Institution without receiving a trial. (Doc. 1).[1] As relief, Cullins sought a jury trial and immediate release.

On March 5, 2019, the court ordered Cullins to file, within 30 days, an amended 28 U.S.C. § 2254 petition on the court form, accompanied by either the

---

[1] The court takes judicial notice of information on the Florida Department of Corrections Offender Network, reviewed on May 21, 2019, which indicates that Cullins is in custody pursuant to the judgment of the Hillsborough County Circuit Court in Case No. 2009-CF-6375. *See* Fed. R. Evid. 201.

$5.00 filing fee or an application to proceed *in forma pauperis*. (Doc. 3). Cullins was provided the necessary forms and was warned that failure to comply with the order likely would result in dismissal of this case. (*Id*.). Cullins has not complied with the March 5, 2019, Order and has not responded to the April 23, 2019, Order (Doc. 4) requiring him to show cause, within 14 days, why this case should not be dismissed.

Accordingly, it is respectfully **RECOMMENDED** that:

1. This case be **DISMISSED WITHOUT PREJUDICE** for Petitioner Cullins's failure to comply with a court order.[2]

2. The clerk of the court be directed to close the case file.

At Panama City, Florida, this 21st day of May 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

---

[2] "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"); *see also* N.D. Fla. Loc. R. 5.7(A) (requiring parties not represented by an attorney to use the court form for filing a habeas corpus petition); N.D. Fla. Loc. R. 5.3 (requiring parties who file a civil case to simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, using the court form).

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**